UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| GUY MIKULICH, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:18 CV 192 |
| JOHN BUNCICH, LAKE COUNTY SHERIFF; LAKE COUNTY SHERIFF DEPARTMENT; MERIT BOARD LAKE COUNTY, INDIANA; LAKE COUNTY BOARD OF COMMISSIONERS; and VARIOUS JOHN DOES 1-10, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION and ORDER

I.     BACKGROUND

Plaintiff Guy Mikulich, a former employee of the Lake County Sheriff's Department, filed a complaint against the Lake County Sheriff's Department ("Department"); John Buncich, Lake County Sheriff; the Merit Board of Lake County, Indiana ("Merit Board"); the Lake County Board of Commissioners ("Commissioners"); and John Does 1-10. (DE # 1 at 1.) In his complaint, he claims that though his employment was purportedly terminated due to driving a department vehicle under the influence of alcohol, he was actually terminated because of a disability, namely post-traumatic stress disorder. (*Id.*)

Plaintiff asserts three categories of claims. First, he sets forth federal claims, specifically violations of the Americans with Disabilities Act ("A.D.A."), 42 U.S.C.

§ 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 (Counts I, V, and IX).[1] Second, he states a number of claims under the laws of the State of Indiana, specifically wrongful termination, negligent infliction of emotional distress, negligent supervision, intentional infliction of emotional distress, and defamation (Counts II, III, VI, VII, and VIII). Finally, plaintiff asserts an additional federal claim, one under the Rehabilitation Act of 1973, 49 U.S.C. § 794 (Count IV), which is deserving of discussion separate from the other federal claims, for reasons set forth in more detail below.

## II.     LEGAL STANDARD

Before the court are three motions to dismiss. One was filed by the Commissioners and the ten John Does. (DE # 15.) A second was filed by John Buncich, then-Sheriff of Lake County, who is sued in his official capacity. (DE # 17.) Finally, the Merit Board moved to dismiss. (DE # 24.) The Lake County Sheriff's Department did not file a motion. For purposes of this opinion, the court refers to the moving defendants as "defendants," not including the Lake County Sheriff's Department.

All of the motions assert that, under Federal Rule of Civil Procedure 12(b)(6), plaintiff fails to state a claim upon which relief may be granted. For purposes of these motions, the court construes the facts in a light most favorable to plaintiff, accepts all well-pleaded facts as true, and draws all inferences in plaintiff's favor. *Erickson v.*

---

[1] Count IX of plaintiff's complaint is entitled "Hostile Work Environment." (DE # 1 at 14.) Plaintiff does not specify whether this is a federal claim under Title VII or a state claim, though the court presumes the former. For purposes of this opinion, it does not matter, as all federal and state claims against the moving defendants are subject to dismissal.

*Pardus,* 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010).

## III.   DISCUSSION

Defendants argue that the federal claims (save the claim under the Rehabilitation Act) should be dismissed as untimely-filed, and the state claims should be dismissed because plaintiff failed to comply with the Indiana Tort Claims Act ("I.T.C.A."). The court begins with these two arguments because they vastly narrow the scope of the remaining claims. Finally, the court will address the defendants' various arguments with respect to the Rehabilitation Act.

### A.   Federal Claims

Defendants argue that plaintiff's A.D.A. and Title VII claims are time-barred. The parties agree that plaintiff received a right-to-sue letter from the E.E.O.C. informing him that he had 90 days within which to file a lawsuit based on any A.D.A. or Title VII claims. Defendants point out, and plaintiff admits, that the present lawsuit was filed 92 days after plaintiff states he received the right-to-sue letter.

The Seventh Circuit has stated that, "absent special circumstances which give rise to waiver, estoppel, or equitable tolling," the time frame provided in a right-to-sue letter from the E.E.O.C. is firm, and an action filed outside of the time frame is barred. *Anooya v. Hilton Hotels Corp.,* 733 F.2d 48, 49 (7th Cir. 1984) (complaint filed 91 days past receipt of right-to-sue letter was time-barred). Plaintiff has supplied no justification for the late filing, simply arguing that the complaint was "only" two days late. (DE # 32 at

3

5.) The court can discern no special circumstances giving rise to waiver, estoppel, or equitable tolling. Accordingly, the federal claims (Counts I, V, and IX) are dismissed.

## B. State Claims

Defendants also argue that the state claims should be dismissed for plaintiff's failure to comply with the notice provision of the I.T.C.A. The I.T.C.A. states that "a claim against a political subdivision is barred unless notice is filed with: (1) the governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission . . . within one hundred eighty (180) days after the loss occurs." Ind. Code § 34-13-3-8(a). The notice requirement of the I.T.C.A. applies not only to suits against governmental entities but also to suits against employees of governmental entities. *Flanner House of Indianapolis, Inc. v. Flanner House Elementary Sch., Inc.,* 88 N.E.3d 242, 249 (Ind. Ct. App. 2017).

Plaintiff does not dispute the applicability of this provision to his state law claims against defendants. However, plaintiff argues that the filing of a charge with the E.E.O.C. constituted "substantial compliance" with the notice requirement of the I.T.C.A. True, "notice is sufficient if it substantially complies with the content requirements of the statute." *Collier v. Prater,* 544 N.E.2d 497, 499 (Ind. 1989). However, in determining whether substantial compliance is established, the court looks to the purpose of the notice requirement, which is to inform state officials with reasonable certainty of the accident or incident and surrounding circumstances and to advise of the injured party's intent to assert a tort claim so that the state may investigate, determine

4

its possible liability, and prepare a defense. *Irwin Mortg. Corp. v. Marion Cnty. Treasurer,* 816 N.E.2d 439, 446 (Ind. Ct. App. 2004).

Unfortunately for plaintiff, his federal E.E.O.C. charge, which generally refers to employment wrongs, failed to sufficiently put defendants on notice such that they could investigate and prepare a defense to tort claims such as negligent infliction of emotional distress and defamation. *Robinson v. Leonard-Dent,* No. 3:12CV417-PPS, 2013 WL 5701067, at *12 (N.D. Ind. Oct. 18, 2013) ("[T]hose [E.E.O.C.] charges, although in writing, were not filed with the [defendant] and would have apprised the [defendant] of impending claims under Title VII and Indiana civil rights laws, but not of tort claims. The ITCA notice must also be filed with 'the governing body of [the] political subdivision' and 'must be delivered in person or by registered or certified mail.' The administrative charges are not shown to have met these requirements either."). The court finds no substantial compliance and the state claims (Counts II, III, VI, VII, and VIII) are dismissed.[2]

## C. Rehabilitation Act Claim

The only claim remaining is plaintiff's claim under the Rehabilitation Act (Count IV). The Rehabilitation Act is a statute quite similar to the A.D.A., but it is applicable only to recipients of federal funding. *Barnes v. Gorman,* 536 U.S. 181, 185 (2002). A

---

[2] Sheriff Buncich also argues that any personal tort claim against him should be dismissed for failure to abide by certain substantive requirements of the I.T.C.A. (DE # 18 at 7), but this argument is unnecessary, as it is clear from plaintiff's complaint that he is suing Buncich in his official capacity, only (DE # 1 at 3, ¶ 7). To the extent that an individual capacity claim was intended, it is dismissed.

noteworthy difference between the two statutes is that a plaintiff filing suit under the Rehabilitation Act, unlike one filing suit under the A.D.A., is not required to file a charge with the E.E.O.C. before filing a complaint. *Williams v. Milwaukee Health Servs., Inc.,* 732 F.3d 770, 770–71 (7th Cir. 2013). Accordingly, the Rehabilitation Act claim cannot be dismissed as untimely like the other federal claims. Instead, each defendant has asserted a different basis for the dismissal of this claim, and the court addresses each in turn below.

First, Sheriff Buncich, sued in his official capacity, seeks to have the Rehabilitation Act claim dismissed as duplicative of plaintiff's claim against his employer, the Department. Confusingly, plaintiff's response to this argument is that the Department is not a party in this case. He then cites a case he claims is distinguishable from his, *Gibson v. Ind. State Personnel Dep't,* No. 1:17-CV-1212, 2017 WL 6342009, at *2 (S.D. Ind. Dec. 12, 2017), in which a district court dismissed individual parties as redundant because they were the equivalent of suing the department for which they worked. Plaintiff claims there is no redundancy in this case because the Department is not a defendant.

Contrary to plaintiff's present assertion, page one of plaintiff's complaint very clearly names the Department as a defendant in this case. (DE # 1 at 1.) A careful review of the docket reveals no amended complaint omitting the Department, nor any voluntary dismissal of that party. If plaintiff did not intend for the Department to participate as a defendant in this case, he failed to raise that point when the Department

6

reasonably entered an appearance only eleven days after plaintiff filed his complaint naming the Department. Because Sheriff Buncich's undisputed employer, the Department, is a named defendant in this case, the official capacity claim against the Sheriff under the Rehabilitation Act is redundant and is dismissed. *Gibson,* 2017 WL 6342009, at *2.

As for the Merit Board, it points out that a Rehabilitation Act claim, like an A.D.A. claim, can only be waged against an employer. *Jackson v. City of Chicago,* 414 F.3d 806, 810 (7th Cir. 2005). The Merit Board argues that it is not plaintiff's employer; the Department serves that role. The court agrees. *Lake Cty. Sheriff's Corr. Merit Bd. v. Peron,* 756 N.E.2d 1025, 1028 (Ind. Ct. App. 2001) (county sheriff's merit board is a political subdivision, not agency itself); Ind. Code § 36-8-10-3 (establishing merit boards). Accordingly, the Rehabilitation Act claim against the Merit Board is dismissed.

The Commissioners similarly argue that they are not plaintiff's employer for purposes of the Rehabilitation Act, nor do they possess any agency relationship with plaintiff's employer, the Department. The court agrees here, as well. *Donahue v. St. Joseph Cty. ex rel. Bd. of Comm'rs of St. Joseph Cty.,* 720 N.E.2d 1236, 1241 (Ind. Ct. App. 1999) (county commissioners do not have any control over the acts of county sheriffs and officers)*; Medrano v. Cty. of Lake, Ind.,* No. 2:13-CV-383-JVB, 2014 WL 2694222, at *2 (N.D. Ind. June 13, 2014) (Lake County Sheriff's Department and Lake County are separate legal entities for purposes of employment suit). The Rehabilitation Act claim against the Commissioners is also dismissed.

Finally, the Commissioners argue that the Rehabilitation Act claim against the ten John Doe defendants should be dismissed because individuals cannot be held liable under the Act. *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015) (no personal liability under the Rehabilitation Act). This is a sound argument, to which plaintiff asserts no response. Accordingly, the Rehabilitation Act claim against John Does 1-10 is dismissed.

## IV. CONCLUSION

For the foregoing reasons, all three motions to dismiss (DE ## 15, 17, 24) are **GRANTED**. All claims against John Buncich, Lake County Sheriff; the Merit Board of Lake County, Indiana; the Lake County Board of Commissioners; and John Does 1-10 are **DISMISSED** and these defendants are **TERMINATED**.

All claims remain pending against the Lake County Sheriff's Department, the only defendant left in this case.

**SO ORDERED.**

Date: March 4, 2019

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT